

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2009

# P. v. Wissahickon Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"P. v. Wissahickon Sch Dist" (2009). *2009 Decisions.* Paper 1873.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1873

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3595

———————

LAUREN P., A MINOR,
BY AND THROUGH HER PARENTS, DAVID AND ANNMARIE P.;
DAVID P.; ANNMARIE P., ADULTS, INDIVIDUALLY,
AND ON THEIR OWN BEHALF

v.

WISSAHICKON SCHOOL DISTRICT,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 05-cv-05196
Senior District Judge: The Honorable Thomas N. O'Neill, Jr.

———————

Argued January 29, 2009

Before: SCIRICA, *Chief Judge,* AMBRO, and SMITH, *Circuit Judges*

(Filed: February 12, 2009 )

Frederick M. Stanczak, Esq.
Charles Weiner, Esq.
179 North Broad Street
Doylestown, PA 18901
        *Counsel for Appellee*s

Scott H. Wolpert, Esq.
Timoney Knox, LLP

400 Maryland Drive

P.O. Box 7544

Fort Washington, PA 19034

     *Counsel for Appellant*

---

OPINION

---

SMITH, *Circuit Judge.*

Appellant Wissahickon School District ("Wissahickon") appeals an order requiring it to provide compensatory education and tuition reimbursement to the parents of Lauren P. ("plaintiffs"). For the reasons that follow, we will affirm in part and reverse in part.

**I.**

Lauren P. ("Lauren") suffers from Attention Deficit Hyperactivity Disorder, anxiety, depression, and learning disabilities.[1] Her disabilities, in turn, render her more susceptible to behavioral and motivation problems. Lauren attended school in the Wissahickon School District through September 2003.

The Individuals with Disabilities Education Act ("IDEA") requires that a state receiving federal education funding provide a "free appropriate public education" ("FAPE") to disabled children. 20 U.S.C. § 1412(1). School districts design and administer a program of individualized instruction that is set forth in an Individualized

---

[1] As we write for the benefit of the parties alone, who are familiar with the facts and procedural history of this case, we confine our discussion to the legal issues presented and include only those facts necessary to our disposition.

Education Plan ("IEP") in order to provide a FAPE. 20 U.S.C. § 1414(d). The IEP must confer "significant learning" and "meaningful benefit" on the child, and this standard is "gauged in relation to the child's potential." *Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171, 182–85 (3d Cir. 1988).

In November 2001, Wissahickon developed an IEP for the remainder of Lauren's ninth grade year (2001–2002) to address deficiencies in writing, math, reading, and organizational and study skills. It subsequently developed IEPs for Lauren's tenth and eleventh grade school years, which were from 2002–2003 and 2003–2004, respectively. In September 2003, plaintiffs unilaterally removed Lauren from Wissahickon and enrolled her in the Delaware Valley Friends School ("DVFS").

In February 2004, plaintiffs requested a due process hearing pursuant to 34 C.F.R. § 300.507 and sought compensatory education for Lauren's ninth and tenth grade school years and tuition reimbursement for her eleventh grade school year. Upon the conclusion of the hearing, the Hearing Officer denied all relief to the plaintiffs. The plaintiffs appealed this decision to the Pennsylvania Special Education Appeals Panel ("Appeals Panel"). The Appeals Panel affirmed in part and reversed in part, awarding compensatory education for part of Lauren's tenth grade school year but denying plaintiffs' request for tuition reimbursement.

Plaintiffs filed a complaint in September 2005 in the Eastern District of Pennsylvania challenging the final decision of the Appeals Panel. Wissahickon filed a counterclaim, and both parties moved for summary judgment. In its decision, the District

3

Court awarded compensatory education for most of Lauren's tenth grade year and tuition reimbursement for her eleventh grade year at DVFS.[2] Wissahickon challenges this decision in this Court.[3]

## II.

In the event that a student has been denied a FAPE, a court may award compensatory education to account for the period the student was deprived of this right. *Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 536 (3d Cir. 1995). The right to a compensatory education "accrue[s] from the point that the school district knows or should know of the IEP's failure." *Id.*

In this case, the Hearing Officer concluded that Wissahickon provided Lauren a FAPE during her ninth and tenth grade years given the level of support and instruction offered and that the IEPs "were implemented as written." The Appeals Panel reversed. The Panel found that distractability was part of Lauren's disability, that this disability affected her entire school day, and that the school had notice that her IEP was not working.

When reviewing this decision, the District Court must make its "own findings by a preponderance of the evidence," while also "afford[ing] 'due weight' to the ALJ's

---

[2] Neither the Appeals Panel nor the District Court awarded compensatory education for Lauren's ninth grade year. Plaintiffs have not appealed this issue to this Court.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. This Court has jurisdiction under 28 U.S.C. § 1291.

determination." *Shore Reg'l High Sch. Bd. of Ed. v. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004). The "due weight" standard requires the court to consider the "[f]actual findings from the administrative proceedings . . . prima facie correct" and, if the court fails to adhere to those facts, explain why. *Id.* (internal quotation marks and citation omitted). In a case such as this one, where the hearing officer and appeals panel reached contrary decisions, a district court gives "due weight" to the factual findings of the appeals panel rather than those of the hearing officer when those findings are based on the evidentiary record. *Carlisle Area Sch.*, 62 F.3d at 529. Furthermore, the district court gives "due weight" to the "appeals panel's decision when it reverses the hearing officer's conclusions of law, inferences from proven facts, and factual findings based on credibility judgments where non-testimonial, extrinsic evidence justified the appeals panel's contrary decision." *Id.*

The District Court reached the same decision as the Appeals Panel on the issue of compensatory education for Lauren's tenth grade year. The Court found that Wissahickon (1) knew or should have known that Lauren's behavioral problems were impeding her education, (2) recognized that the IEP was inadequate, and (3) addressed Lauren's behavior in a piecemeal fashion rather than through a consistent behavior management plan. We now exercise plenary review over the legal standards used by the District Court and its legal conclusions. *Lauren W. v. Deflaminis*, 480 F.3d 259, 266 (3d Cir. 2007); *Shore Reg'l High Sch. Bd. of Ed.*, 381 F.3d at 199. We review the District Court's factual findings for clear error. *Shore Reg'l High Sch. Bd. of Ed.*, 381 F.3d at

199.

Applying this standard of review, we will not disturb the District Court's factual findings or legal conclusions as they relate to compensatory education for Lauren's tenth grade year. Though we recognize that Wissahickon made a good-faith effort to design an educational program that would benefit Lauren, the record demonstrates that by December 2002 her behavioral problems were impeding her ability to learn. Wissahickon's failure to address these behavioral problems in a systematic and consistent way denied Lauren a FAPE. We will affirm the District Court's award of compensatory education.

## III.

Parents who believe that a public school is not providing an appropriate education may unilaterally remove the child from that school, place him/her in another school, and seek tuition reimbursement for the cost of the alternate placement. 20 U.S.C. § 1412(a)(10)(c); *Burlington Sch. Comm. v. Dep't of Educ.*, 471 U.S. 359, 374 (1985). A court may grant tuition reimbursement if two elements are met: (1) the student's IEP must be inappropriate; and (2) the private placement must be proper. *Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 248 (3d Cir.1999). The plaintiffs have the burden of demonstrating both elements. *Andrew M. v. Del. County Office of Mental Health and Mental Retardation*, 490 F.3d 337, 345 (3d Cir. 2007); *Ridgewood Bd. of Educ.*, 172 F.3d at 248.

We disagree with the District Court that DVFS was a proper placement. The Appeals Panel found that DVFS was not a proper placement because it "[did] not

sufficiently address Student's on-going needs in assignment completion, distraction moving to and from class, losing assignments, not completing assignments, and so forth." The District Court discounted this, arguing that the Panel "did not explain further its conclusion or cite to the record for support." Yet the Court also recognized that the "DVFS IEP did not address Lauren's behavioral problems" and the Court further found "indications of the inappropriateness of Lauren's private placement" in the record. Nonetheless, it awarded tuition reimbursement based on the fact that DVFS's educational plan for Lauren acknowledged and tried to address problems such as Lauren's low self-esteem, lack of confidence, and auditory processing difficulties.

As stated previously, a district court is required to explain its decision to reject administrative findings. The District Court failed to do so in this instance. It did not point to any evidence in the record that undermined the Appeals Panel's finding that DVFS failed to adequately address some of Lauren's most critical behavioral problems. Instead, the District Court appears to have reached a contrary decision based upon its weighing of this failure against what it perceived as strengths in the DVFS educational plan. The outcome of such a weighing, however, must be based upon a preponderance of the evidence. Lauren's primary behavioral difficulties were distractability and assignment completion. The failure of the DVFS educational plan to address these problems could not be overcome by a recognition of Lauren's low self-esteem and a generalized school curriculum built around small class sizes. When we afford due weight to the Appeals Panel's finding in this case that DVFS was not a proper placement, we see

7

no basis on which to overturn that determination. The District Court erred by failing to heed the "due weight" standard and by awarding tuition reimbursement. We will reverse the District Court's grant of tuition reimbursement for Lauren's eleventh grade year at DVFS.